Kim Chalmer DAVIS, Plaintiff and Respondent,

v.

Terrie Lee DAVIS, Defendant and Appellant.

No. 880452–CA.

Court of Appeals of Utah.

July 17, 1989.

. Gary W. Pendleton (argued), St. George, for defendant and appellant.

G. Michael Westfall (argued), Gallian & Westfall, St. George, for plaintiff and respondent.

Before CONDER,[1] GARFF, and GREENWOOD, JJ.

## OPINION

DEAN E. CONDER, Senior District Judge:

The defendant in this divorce suit appeals from an order in which the district judge, reviewing the case on the record made before the domestic relations commissioner, declined to follow the commissioner's recommendation with regard to alimony. We reverse and remand.

A now superseded[2] administrative rule in the Fifth District, Administrative Order No. 010, formerly referred all domestic relations cases to a commissioner appointed pursuant to Utah Code Ann. §§ 30-3-4.1 through 30-4-4.4. Following a trial or hearing, the commissioner was to recommend a disposition to the court. If a party objected to the commissioner's recommendation, Administrative Order 010 provided that "the matter shall be referred to the District Judge for further disposition, which shall consist of a review of the record relating to the stated objections."

This case proceeded in accordance with the former Administrative Rule 010, and a trial was thus held on February 24, 1988 before Commissioner Howard Maetani, and a record was made including 217 pages of testimony. The commissioner made a recommendation to the district court. An objection was filed by the plaintiff, opposing the recommended (1) division of equity in the marital residence, (2) alimony, and (3) division of personal property. A hearing was held on April 12, 1988 before the district court, Judge J. Philip Eves presiding, on the objections to the recommendation. Judge Eves asked both counsel whether or not they were seeking a new trial by reason of the objections filed. The following colloquy took place between the court and counsel:

THE COURT: No. If the record contains sufficient evidence upon which I can make my own findings, then I would probably do so in this case where the issues are limited. The only way we'd need a new trial here, in any case, is if it appears there was no evidence in the record upon which he [the commissioner] could have based his decision.

MR. WESTFALL [respondent's counsel]: So I do [sic]. Because I think there was evidence, Your Honor. And at this point, I would like to submit it to the Court on the transcript of the proceedings before the commissioner.

THE COURT: Do you have any objection to that, Mr. Pendleton?

MR. PENDLETON [appellant's counsel]: Only that I don't want to encourage an appeal by providing a transcript. But I don't have any problem with the Court reviewing the transcript. I think that everything the commissioner did is more than adequately supported by the evidence that he's already heard.

THE COURT: All right. Do you want to submit your transcript and your accompanying memorandum, or however you want to handle it. And then after Mr. Pendleton has had an opportunity to review it, I'll—you can submit it under 2.8, and I'll review it.

Certainly, under this state of the case, neither side can now complain that the procedure followed by the court was anything other than what was agreed to. This court finds no error in following that procedure.

The district court reviewed the record and overruled the plaintiff's objection in relation to the division of equity in the marital residence and the division of personal property. No appeal was taken on those issues. With regard to alimony, however, the district court awarded $50 per month, whereas the commissioner had recommended alimony of $200 per month. The Plaintiff did not object to the overrul-

---

1. Dean E. Conder, Senior District Judge, sitting by special appointment pursuant to Utah Code Ann. § 78-3-24(1)(j) (1987).

2. Rule 6-401(3) of the Utah Code of Judicial Administration, effective October 1988, now requires a trial de novo in the event of a timely objection to a recommendation made by a domestic relations commissioner.

ing of his objections; however, the Defendant has appealed from the award of alimony less than the amount recommended by the commissioner, arguing that the review by the district court on the record should be limited to whether or not there is sufficient evidence in the record to support the recommendations of the commissioner.

■ The issues before this court are very clear, to-wit: Is there sufficient evidence in the record to support the recommendations of the commissioner, and, if so, must the trial court follow that recommendation under the procedure in effect at the time of the trial of this case.

■ This court has carefully read and studied the record of the proceedings before the commissioner. Although the record on the issue of alimony is not as clear as we would like to have seen it, nevertheless, there is sufficient evidence to support the recommendation.

The record is clear that the plaintiff had income for the previous two years before the trial that averaged between $1,500 and $1,700 per month. The plaintiff complains that this does not take into consideration the fact that for a period just prior to the trial he was unable to procure any work and had very little income. Because such evidence is subject to manipulation by the parties in anticipation of trial, it carries very little weight. For this reason, the courts may look to the historical record of earnings.

In the defendant's affidavit of May 18, 1988, she too claims that she is unemployed and in desperate need of money. The same reasoning that applies to the plaintiff also applies to the defendant. At trial, she admitted on cross-examination that she had not sought a better paying job because someone had suggested to her that an improved income might be detrimental to her case. Although the evidence of the defendant's income is rather unclear, there is sufficient evidence to support the commissioner's finding of a historical earning of $500 to $550 per month. Judge Eves came to the same conclusion in his finding of fact.

The real problem in this case is the record on the financial needs of the defendant and the ability of the plaintiff to meet that need. Both parties submitted their respective forms for "Full Disclosure Financial Declaration," in which they state their respective incomes and expected future financial expenses. Defendant says she need $1,195 per month to live on, and this does not include any mortgage payment. The plaintiff says his needs are for $2,077.93 per month. It is obvious that there are not sufficient funds to meet the expected needs (or perhaps, rather, desires) of both parties. The best evidence of the needs of the defendant was her testimony that, while the two were living together two years prior to the trial, she said, "I paid [for] the utility, the mortgage, the dental, the medical, and the food, $800 per month." It is also clear that the plaintiff paid some of the household bills (including telephone) through his construction company.

Under the divorce decree, the defendant was awarded $175 per month per child (they have two children) as support money, and $50 per month as alimony. The court further ordered: "During this period of occupancy, Defendant is responsible for all mortgage payments and other costs associated with the upkeep of the home, i.e., maintenance, taxes, etc." Taxes and insurance are included in the monthly mortgage payment, but not the maintenance. The plaintiff, who is a building contractor and should be more knowledgeable on this point, by his own disclosure statement shows that he thought it would cost $100 per month for the maintenance of the home. By reducing plaintiff's living expenses by the amount of the mortgage payment, the maintenance expense on the home, the entertainment expenses, and reducing some of the other items on his monthly expenses (for instance, he says it costs him $325 per month for food for himself, whereas, on the defendant's statement she shows that she spends $300 per month for the three of them), it is possible for the plaintiff to pay the support and alimony as recommended. Admittedly, this is not an exact science, but it is the best

this court can do with the information available.

Certainly, the increased expenses in the past two years and the additional expenses of growing children cause this court to conclude that the recommendation of the commissioner for $200 per month as alimony should be reinstated by changing paragraph 8 of the decree and paragraph 15 of the findings to read $200 per month in place of the $50 per month as presently shown. Otherwise, the balance of each paragraph is to remain as written.

This matter is reversed and remanded to the district court for the entry of judgment and findings in conformity with this opinion.

GARFF and GREENWOOD, JJ., concur.